UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CYNTHIA MATA,                                          CASE NO.:

   *Plaintiff*,

vs.

UNITEDHEALTHCARE SERVICES, INC.,
On BEHALF OF UNITED HEALTHCARE,

   *Defendant*.

_____/

## COMPLAINT

Plaintiff, Cynthia Mata, sues Defendant, UnitedHealthCare Services, Inc., on behalf of UnitedHealthCare, and alleges the following:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code, Sections 1000-1461 ("ERISA"), arising from Defendant's wrongful denial of health insurance benefits.

2. Cynthia Mata ("Ms. Mata") was at all material times a citizen and resident of Orlando, Florida and is in all respects *sui juris*.

3. UnitedHealthCare Services, Inc. ("United") is a Minnesota Corporation with its principal place of business in Minnetonka, Minnesota.  United is an authorized insurer operating under certificate of authority in the State of Florida and regularly issues and delivers insurance contracts and handles insurance claims for citizens and residents of Orange County, Florida. United maintains a registered agent for service of process within the State of Florida.

4. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

5. Venue is proper in the Middle District Court of Florida pursuant to Title 29, United States Code, Section 1132(e) and Title 28, United States Code, Section 1391(b), since the facts and circumstances (*e.g.*, coverage denial) giving rise to this cause of action transpired (in whole or in part) in Orlando, Florida, and as the Plaintiff, Ms. Mata resides in Orlando, Florida, and saw her providers in Orlando, Florida.

6. All conditions precedent to the institution of this action (*e.g.*, administrative pre-suit internal and external appeals) have been exhausted prior to initiating this litigation.

## COMMON ALLEGATIONS

7. Plaintiff, Ms. Mata, hereby re-alleges paragraphs 1-6.

8. At all times material hereto, Ms. Mata was a participant in a health insurance plan sponsored by her employer, VITAS Healthcare Corporation. This plan was called the UHC Choice Plus, hereinafter "the Plan." A copy of the Plan documents as provided to Ms. Mata is part of the administrative record.[1]

9. The Plan gave authority to United to assist VITAS by administering claims. United is also responsible for claim evaluation and adjustment, selecting network providers, verifying coverage, handling claims and appeals, making coverage decisions, paying or denying claims, and selecting, contracting with and utilizing internal and external medical reviewers.

---

[1] For HIPAA/privacy reasons, the administrative record as provided to Ms. Mata is incorporated herein by reference rather than attached hereto as an exhibit. All pre-suit appeals were exhausted in this case prior to filing suit, and all papers are readily available to Defendant. Subject to an anticipated agreement by the parties, this administrative record may be put to use in this litigation by filing it under seal, or via an agreed upon confidentiality order to protect Plaintiff's personal data and protected health information. The Plaintiff anticipates discussing this with Defendants at the parties' Case Management Conference.

10. At all times material hereto, Plaintiff has suffered from Stage III and Stage IV of a serious condition[2] and is in a tremendous amount of pain. The condition has also caused her to have significant functional limitation.

11. The Plan states that certain health care services, including those that are medically necessary, are to be covered under the circumstances.

12. Despite this, Ms. Mata and her medical providers sought precertification from United for medically necessary procedures covered by the Plan, but were denied.

13. Despite her doctors having repeatedly recommended a series of procedures that are medically necessary to correct Plaintiff's condition, Defendants, through their claims administrators and medical reviewers, have denied the Plaintiff's benefits for these procedures, forcing her to have to pay out of pocket.

14. Ms. Mata and her medical providers appealed United's denial of benefits. However, United continued to deny benefits following internal appeals and external review.

15. When the Plan is appropriately applied to modern medicine and the particulars of Ms. Mata's condition, the recommended procedures and related treatment, are covered under the Plan, and the Plan has erred in deciding otherwise.

16. At all material times, premium was paid in relation to the Plan, which such Plan was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1).

17. At all material times, the Plan was in full force and effect and was a legally valid and binding contract.

---

[2] Please refer to the administrative record for further details, per footnote 1.

## COUNT I – RECOVERY OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132(A)(1)(B)

18. Plaintiff re-alleges Paragraphs 1 through 17 as if fully set forth herein.

19. This is a claim to recover past benefits, enforce rights, and clarify rights to future benefits related to Ms. Mata's condition under the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

20. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Ms. Mata, as a participant in the Plan, is entitled to sue for judicial determination and enforcement of benefits.

21. Defendant improperly denied Ms. Mata's claims for health insurance benefits owed to her under the Plan, in contravention of the Plan and ERISA.

22. The administrative record establishes Ms. Mata's entitlement to plan benefits.

23. Ms. Mata has no other adequate remedy at law to address the injuries she has suffered as a result of Defendant's denial of benefits.

24. As a result of the Plan's wrongful denial of benefits, it has become necessary for Plaintiff to retain the undersigned attorney, and Plaintiff is obligated to pay her a reasonable fee for her services and to reimburse case costs. Ms. Mata is entitled to recover her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff, Cynthia Mata, prays for relief against UnitedHealthCare, as follows:

(a) Discovery of any all matters relevant to this action;

(b) Reimbursement of benefits for medically necessary procedures already performed along with the precertification approval and payment for current and future health benefits owed to Ms. Mata under the Plan;

(c) In the alternative to the relief sought in paragraph (a), an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered beyond the administrative record;

(d) Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney's fees incurred in pursuing payment of her health benefits owed under the Plan;

(e) Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

(f) Such other and further relief as this Court deems equitable, just, and proper.

**COUNT II – RECOVERY OF ADMINISTRATIVE PENALTY UNDER ERISA, 29 U.S.C. § 1024(B), 29 U.S.C. § 1132(c)(1) AND 29 C.F.R. § 2575.502c-1**

25. Ms. Mata re-alleges Paragraphs 1 through 17 as if fully set forth herein.

26. This is a claim for administrative penalty under Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1.

27. By letters dated October 29, 2018, January 4, 2019, and February 4, 2019, Ms. Mata (via legal counsel) asked Defendant to provide all plan documents, the administrative record and additional information contemplated by 29 U.S.C. § 1024(B), §1132(c)(1), 29 C.F.R. 2560.503-1, and 29 C.F.R. § 2575.502c-1. A copy of these document requests are attached as Composite Exhibit "A" and is incorporated herein by reference.

28. United was obligated to provide the records requested to Ms. Mata in response to this request within the required timeframes.

29. Although United did provide certain information in response to Ms. Mata's request, Defendant did not respond timely, nor have they provided all of the information and documentation requested as required by the U.S. Code and Code of Federal Regulations cited above.

30. The U.S. Code and Code of Federal Regulations provide for per diem administrative penalties for each day Defendants have failed to fully satisfy the requirement to provide Ms. Mata with plan documents, administrative record, and other information as requested and as required by law. This penalty has accrued and will continue to accrue after the filing of this Complaint.

WHEREFORE, Plaintiff, Cynthia Mata, prays for relief against UnitedHealthCare, as follows:

(a) Discovery of any all matters relevant to this action;

(b) Penalties incurred by Defendants pursuant to Title 29, United States Code, Section 1132(c)(1), Title 29, United States Code, Section 1024(b), and Title 29, Code of Federal Regulations, Section 2575.502c-1,

(c) Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney's fees incurred in obtaining compliance with the obligations to produce these records in connection with her claim for health benefits owed under the Plan;

(d) Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

(e) Such other and further relief as this Court deems equitable, just, and proper.

Dated this 2nd day of May, 2019.

                Respectfully submitted,

                DANAHY & MURRAY, P.A.


                __/s/ Erin E. Dunnavant_____
                ERIN E. DUNNAVANT, ESQUIRE
                Florida Bar No. 89328
                erin@danahyandmurray.com
                damian@danahyandmurray.com
                firm@danahyandmurray.com
                901 W. Swann Avenue
                Tampa, Florida 33606
                Phone (813) 258-3600
                Fax (813) 258-3321
                Attorney for Plaintiff